## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **DR. JACQUELINE GILL**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.   2:21-cv-798** |
| **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida, | **Judge:** |
| Defendant. | **Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DR. JACQUELINE GILL** ("GILL"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.    This is an action brought under the Family & Medical Leave Act (FMLA) and Rehabilitation Act of 1973 ("Rehab Act") for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) violation of the Rehab Act.

## PARTIES

1

2.     The Plaintiff, **DR. JACQUELINE GILL** ("**GILL**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant in Lee County, Florida.

3.     Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("School" or "Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was Plaintiff's employer. The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance. The Defendant is an employer under the FMLA and Rehab Act.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.     **GILL** began her employment with the Defendant in September 2019, and was employed as a teacher.

7.      **GILL** always performed her assigned duties in a professional manner and was very well qualified for her position.

8.      **GILL** received great performance reviews from the Defendant's supervisors and was consistently rated as "highly effective."

9.      However, **GILL** needed surgery to repair the right metatarsalgia, two broken bones and to remove a tumor.

10.     In order to avoid being absent from work, **GILL** scheduled the surgery to occur during the Christmas Break, which would have allowed **GILL** to convalesce without disruption to work.

11.     Unfortunately, the surgery was not a success and **GILL** developed complications that required her to exercise her right to medical leave under the FMLA.

12.     **GILL** took FMLA leave from January 6, 2021 to April 6, 2021.

13.     Unbeknownst to **GILL**, during her FMLA leave, the Defendant actually filled her position.

14.     Furthermore, when **GILL** tried to return from FMLA leave with reasonable accommodations, the Defendant informed her that she must be able to return to work without any restrictions (i.e. 100% healed), which is a *per se* violation of the Rehab Act.

15.     Thereafter, when **GILL** asked the Defendant to be placed in one of the open positions for which **GILL** was clearly qualified, the Defendant refused to do so (despite the fact there indeed were such open positions).

16.     After much back and forth, and unnecessary medical leave, the Defendant finally said that they would allow **GILL** to return to work only if she was 100% healed with no accommodations, but quickly non-renewed her annual contract.

17.     **GILL**'s employment had been exemplary and without incident until she suffered from her serious health condition and required medical leave.

18.     The Defendant disciplined and terminated **GILL** as a result of exercising his FMLA rights.

19.     The Defendant's tangible, adverse employment actions were causally connected to **GILL**'s FMLA leave.

20.     The Defendant intentionally and systematically discriminated against **GILL** by using her FMLA leave as the substantial or motivating factor in the Defendant's decision not to continue **GILL**'s employment and terminating her.

21.     The Defendant terminated **GILL** as a direct result of his request and need for FMLA leave, including her request for reinstatement, all of which are statutorily protected acts.

22.     The Defendant's decision to terminate **GILL**'s employment violated **GILL**'s rights under the FMLA and Rehab Act.

4

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

23.     The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

24.     **GILL** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **GILL** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

25.     **GILL** informed the Defendant of her likely need for leave for his own serious health condition.

26.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

27.     If the Defendant were to have decided that **GILL**'s absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

28.     The Defendant has never provided **GILL** with any notice disqualifying her FMLA leave.

29.     In fact, the Defendant should have determined that **GILL** was eligible for leave under the FMLA and yet interfered with his rights by terminating his employment because of (a) her request for federally protected FMLA leave, (b) her taking of that leave, and (c) her request for reinstatement.

30.     The Defendant knew, or should have known, that **GILL** was exercising her rights under the FMLA and was aware of **GILL**'s need for FMLA-protected absence.

31.     **GILL** complied with all of the notice and due diligence requirements of the FMLA.

32.     The Defendant was obligated, but failed, to allow **GILL** to take FMLA leave and to return **GILL**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

33.     A causal connection exists between **GILL**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **GILL** a benefit to which she was entitled under the FMLA.

34.     As a result of the above-described violations of FMLA, **GILL** has been damaged by the Defendant in the nature of lost wages, salary, employment

benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

35.     The Plaintiff hereby incorporates by reference Paragraphs 1-22 in this Count by reference as though fully set forth below.

36.     **GILL** informed the Defendant of her likely need for leave for her own serious health condition.

37.     **GILL** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since **GILL** began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

38.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days,

7

absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

39. If the Defendant were to have decided that **GILL**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

40. The Defendant has never provided **GILL** with any notice disqualifying her FMLA leave.

41. In fact, the Defendant should have determined that **GILL** was eligible for leave under the FMLA.

42. The Defendant knew, or should have known, that **GILL** was exercising her rights under the FMLA and was aware of **GILL**'s need for FMLA-protected absence.

43. **GILL** complied with all of the notice and due diligence requirements of the FMLA.

44. **GILL** engaged in activity protected by the FMLA when she (a) requested federally protected FMLA leave, (b) took that leave, and (c) requested reinstatement, consistently informing the Defendant of the same.

45. A causal connection exists between **GILL**'s request for FMLA-protected leave and her termination from employment with the Defendant because **GILL** engaged in statutorily protected activity.

46.     The Defendant retaliated by altering the terms and conditions of **GILL**'s employment by terminating **GILL**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave, taking FMLA leave and requesting reinstatement.

47.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **GILL**'s employment because she engaged in activity protected by the FMLA.

48.     As a result of the above-described violations of FMLA, **GILL** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – VIOLATION OF THE REHAB ACT, AS AMENDED

49.     Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

50.     At all relevant times, **GILL** was an individual with a disability within the meaning of the Rehab Act.

51.     Specifically, **GILL** has physical impairments that substantially limit one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

52.     **GILL** is a qualified individual with disabilities as that term is defined in the Rehab Act.

53.     **GILL** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

54.     At all material times, **GILL** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

55.     The Defendant was made aware and was aware of **GILL**'s disabilities, which qualify under the Rehab Act.

56.     The Defendant discriminated against **GILL** with respect to her terms, conditions, and privileges of employment because of her disabilities by denying her requests for reasonable accommodations.

57.     **GILL**'s requested reasonable accommodations would not have cost the Defendant any money or required the expenditure of other resources, and would not have affected other employees.

58.     **GILL**'s requested reasonable accommodations would have allowed her to perform the essential functions of her position.

10

59.    The Defendant conducted itself with malice or with reckless indifference to **GILL**'s federally protected rights.

60.    The Defendant has failed to accommodate **GILL** and discriminated against **GILL** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

61.    The conduct of the Defendant altered the terms and conditions of **GILL**' employment and **GILL** suffered negative employment action.

62.    As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **GILL** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

63.    As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **GILL** is entitled to all relief necessary to make her whole.

64.    As a direct and proximate result of the Defendant's actions, **GILL** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees, and to return the Plaintiff to work with the reasonable accommodations she requested;

ii.  Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

**NOW COMES** the Plaintiff, **DR. JACQUELINE GILL**, by and through his undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: October 28, 2021          **<u>/s/ Benjamin H. Yormak</u>**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com